# CASES DETERMINED

IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY,

NOVEMBER TERM, 1890.

---

NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY v. AUGUSTUS TRIMMER.

53    1
s62  264
53    1
e66E 315
66E 318

A railroad company may maintain ejectment for lands condemned under the General Railroad act.

---

On case certified from the Warren Circuit.

Argued at June Term, 1890, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and MAGIE.

For the plaintiff, *John W. Taylor.*

For the defendant, *William H. Morrow.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The single question to be decided in this case is, whether an action of ejectment will lie on the part of a railroad company for lands condemned by commissioners for its use by force of the provision for that

1

purpose contained in the General Railroad act. This inquiry seems to be one of first impression; it is certainly such so far as this court is concerned.

The objection to the present form of action is, that the railroad company, the plaintiff, has "not title to the premises in question, but only an easement in them;" and it is insisted that it is entirely settled that ejectment will not lie founded on such a right.

There can be no doubt that the rule, that ejectment is not the appropriate remedy when the enjoyment of an easement is the subject of suit, has been often stated, and is in no wise questionable. But the interest in the lands now in question is not an easement. In cases of easements there must be not only a servient tenement, but also a dominant one, and which latter constituent is entirely lacking in the present instance. A right of way, to constitute an easement, must be beneficial to other land not owned by the proprietor of the premises burthened.

It follows, therefore, that the rule appealed to by the counsel of the defendant can be of no avail, unless it can be shown that the reason that occasioned it is applicable to the right in this land that is vested in the plaintiff.

The action of ejectment is, and long has been, the legal mode whereby a person having the right in law to the immediate possession of land from which he is kept enforces such right. It is a possessory remedy, and can be resorted to only when a right of entry exists, and where the thing or interest is tangible, so that possession can be given by the sheriff. It is manifest, therefore, that if the interest of the railroad company in these premises were a naked right of way, it would constitute no such right of possession of the land itself as would sustain this action; for such a right would be an incorporeal one, upon which there could be no entry, nor could possession of it be given under an *habere facias possessionem.*

But, manifestly, such is not the right in this land that is vested in this company, for can it be denied that the corpora-

tion has a right to enter upon it, and that a judgment in its favor could be executed by the officer putting it in possession? Unlike the use of a private way—that is discontinuous—the use of land condemned by a railroad company is perpetual and continuous. So the latter is likewise necessarily exclusive. This is the doctrine strongly presented in the case of *De Camp* v. *Hibernia R. R. Co.*, 18 *Vroom* 43, for it was there declared, that the company, by force of this statutory procedure, could not acquire a qualified right in the lands, the court saying: "The statute only authorizes the taking of lands, and the occupation and use of lands, in the state and condition of lands in the legal sense of that term."

A reference to the statute, by virtue of which the company has acquired its right in this property, will at once make manifest the propriety of the view thus adopted. It is the twelfth section that prescribes the mode to be pursued in case the company cannot agree with the owner of the lands required. Commissioners are to be appointed, who are to appraise the land or materials and to assess the damages. The statute then declares, to use its own language, "and thereupon and on payment or tender of payment of the amount awarded as hereinafter provided, the said company is hereby empowered to enter upon and take possession of the said lands and materials for the purposes aforesaid, and the said report, &c., and proof of payment or tender of the amount awarded, shall at all times be considered as plenary evidence of the right of any company incorporated under this act to have, hold, use, occupy, possess and enjoy the said land or materials," &c. *Rev., p.* 928.

There seems to be no reason why this language, as it stands in this statute, is to be interpreted differently from what it would if it were found in a deed from a landowner to the company, and in this latter event it is not probable that a doubt would arise in the mind of any one as to the company's right to immediately enter upon the lands thus condemned and to hold them in exclusive possession for the uses of its road. It would appear that it may be truly said that language

that would be more apt than this for the creation of those interests in the land that justify the use of an action of ejectment, could not readily be found.

It has been repeatedly decided, and is now conclusively settled by the courts of this state, that ejectment will lie to obtain possession of the public highways and of lands dedicated to public uses; it would be superfluous to refer to the reported cases. And the ground of this train of authority is, that in the lands devoted to such purposes the public have, from necessity, the right of possession. So far as the principle underlying the subject is concerned, these decisions are in point.

It is also proper to say that it is not perceived how it would be possible, if the right to resort to an ejectment be repudiated, for a railroad company to obtain possession of the lands that the statute devotes to its use on the high ground of public necessity.

Let the plaintiff in this case take judgment.