FREDERICK W. QUIGLEY vs. DOLPHUS BAKER.

Hampden.    September 28, 1897. — October 20, 1897.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Easement — Evidence — Effect of Non-user of Portion of Way.*

In an action for obstructing an alleged right of way, if the deed granting the ease-
ment is ambiguous, and after the judge, upon the plaintiff's offer, has excluded
evidence of a conversation with the grantor after the purchase and while the
grantor owned the adjoining land relating to fencing the plaintiff's land, and
admitted evidence as to what was then done, if the plaintiff is asked, on cross-
examination, whether the grantor declined to furnish fence posts, and answers
in the affirmative, the whole conversation may be admitted upon re-examination,
the act of declination shown by such conversation being merely a verbal act.

At the trial of an action for obstructing an alleged right of way granted by an
ambiguous deed, the defendant is not entitled to a ruling that the practical loca-
tion and use of the way by the plaintiff operated as an assignment of the right,
and must be deemed to be that which was intended by the deed.

TORT, for obstructing an alleged right of way appurtenant to
land in Chester. At the trial in the Superior Court, before
*Hopkins*, J., the jury returned a verdict for the plaintiff; and the
defendant alleged exceptions, which appear in the opinion.

*C. D. Smith & E. H. Lathrop*, for the defendant.

*W. S. Robinson*, for the plaintiff.

BARKER, J. When the plaintiff received his deed his grantor
was the owner of a tract bounded in part upon the south by a
highway. With the conveyance of the plaintiff's lot was a grant
of " a right of way eighteen feet wide on the east of said lot to
highway." The south line of the plaintiff's lot was some con-
siderable distance from the highway. The plaintiff contends,
and the jury have found by their verdict, that his right of way
extended the whole length of the east line of his lot. The de-
fendant contends that it extended only eighteen feet from the
plaintiff's southeast corner, and the defendant has placed a build-
ing on land which was subject to the right of way if it extended
along the whole east line, and has otherwise obstructed the way
if it so extended.

The trial proceeded upon the theory that the deed was am-
biguous, and the defendant concedes that extrinsic evidence was

admissible, and does not argue his first exception to the admission of what was said and done by the plaintiff and his grantor upon the land just prior to the date of the deed, and when the purchase was under consideration, concerning the right of way. The first exception upon which he now relies is to the admission of a conversation between the plaintiff and his grantor, after the conveyance to the plaintiff and while his grantor still owned the remaining land, which conversation related to fencing the plaintiff's land. The presiding justice, upon the plaintiff's offer to show acts and conversation of the grantor after the plaintiff's purchase, and while his grantor owned the adjoining land, admitted evidence as to what was then done, and excluded evidence as to what was then said. This evidence was given by the plaintiff himself. In his cross-examination he was asked whether his grantor declined furnishing fence posts for the east line, and answered in the affirmative. Upon re-examination he was allowed to give the conversation with his grantor relative to the latter's declining to furnish posts upon the east line, and was allowed to give it subject to an exception upon which the defendant insists. His testimony was that he asked his grantor what he would do in regard to any fence on the property so far as the rear lot was concerned, and that his reply was that he would furnish posts for the south line, but declined to furnish any material on the east line because the plaintiff would be liable to remove it at any time. The defendant's question opened the subject without excluding in terms a conversation, and the answer which the defendant accepted to his question might properly be understood to be a statement of a part of a conversation. If it was so understood by the presiding justice, he had a right to admit the whole conversation upon re-examination. But it is evident that the grantor's act of declination was merely a verbal act, and that so far as his words, as testified to by the plaintiff, related to the south line they were immaterial, and could have done the defendant no harm, while the statement of the reason for declining to furnish material for a fence on the east line was an integral part of his declination, and admissible as part of his verbal act. This exception must therefore be overruled.

The remaining exception is to the refusal to rule that the practical location and use of the way by the plaintiff operated

as an assignment of the right, and must be deemed to be that which was intended by the deed.    Such a ruling would have been wrong.    If upon the true construction of the deed, having regard both to its language and all extrinsic evidence properly admissible, as well as the evidence of practical location and use by the plaintiff, his right of way extended further than he saw fit at first to locate and use it, he did not lose thereby any part of the way actually granted.    *Bannon* v. *Angier*, 2 Allen, 128. *Arnold* v. *Stevens*, 24 Pick. 106.           *Exceptions overruled.*