ANDREW J. PAXTON *v.* YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY.

1. RAILROADS.   *Right of way.   Crops.*

    The owner of the adjacent land has no right to cultivate crops upon the right of way of a railroad company without its consent.

2. SAME.   *Adverse possession.   Code* 1892, § 2734.

    One who obtains the actual adverse possession of a part of a railroad company's right of way, and who, claiming to own the same, excludes the company therefrom, and holds in hostility to the true owner for ten years, acquires title by virtue of such holding, under code 1892, § 2734, making the statute of limitations invest title.

FROM the circuit court of Washington county.

HON. F. A. MONTGOMERY, Judge.

Paxton, the appellant, was the plaintiff in the court below. The railroad company, appellee, was defendant there.    The counsel on both sides agreed that the facts were substantially identical with the facts in the case of *Wilmot* v. *Yazoo, etc., R. R. Co., ante,* page 374.

*Jayne & Watson* and *A. G. Paxton,* for appellant.

*Mayes & Harris,* for appellee.

TERRAL, J., delivered the opinion of the court.

Paxton sued the railroad company in trespass in the sum of $5,000 for the wilful and reckless destruction, in 1896, of his corn and cotton growing on his land adjacent to the roadbed of said defendant. The defendant specially pleaded an easement in the land for the construction and operation of a railroad, granted to its assignor by a former owner of the land, and alleged the crops cut up and destroyed were growing upon its right of way and were cut down by it because they had not been planted by its consent. A demurrer to the plea being overruled, the plaintiff replied: ten years' actual adverse and uninterrupted possession of the land upon which the crops were growing when cut down and destroyed, and claiming to be the owner of said land. The defendant demurred to the replication, which was sustained by the court, and the plaintiff, declining to reply over, judgment of *non prosequitur* was entered, and the plaintiff appeals.

The demurrer to the special plea of the defendant was properly overruled. The easement granted to the railroad company, until lost by adverse possession, gave it a right to the exclusive possession of the whole right of way whenever it desired such possession. The plaintiff, as owner of the servient estate, had no authority to cultivate the right of way, or any part of it, except with the permission of the railroad company. His rights, whatever they are, must yield to the superior rights of the company, which it may exercise according to its own judgment and pleasure. The railroad company does not lose its title to the right of way by mere nonuser, and the running of the trains is a constant assertion and occupancy of its right of way to its full extent as granted, so as to preclude a loss of it except by a strictly hostile possession of it for ten years; yet we think the authorities permit the loss of that part of the right of way which may be exclusively taken possession of by the owner of the fee or other person, and which may have been held by adverse possession and in hostility to the

title of the owner of the dominant estate for ten years.   The demurrer, therefore, to the replication should have been overruled.

*Reversed and remanded.*