## ALABAMA & V. RY. CO. *v.* JOSEPH *et al.*

### [87 South. 421, No. 21627.]

1. ADVERSE POSSESSION. *Possession must be exclusive, under claim of right, and for statutory period; city using railroad right of way as street held to acquire title to extent of use only.*

   To acquire land by adverse possession, the possession must not only continue for the statutory period, but it must be exclusive and under claim of right; and, where a city uses a portion of a railroad right of way as a street for the passage of pedestrians and vehicles only, not excluding the railroad from the said land, it acquires only to the extent of the use, and has not right to place structures on the land, nor to permit others to do so.

2. ADVERSE POSSESSION. *Running trains over railroad right of way held use of entire right of way in absence of inclosure by adverse claimant and adverse use.*

   The running of trains over the right of way is a user of its entire right of way, unless some part is inclosed by the adverse claimant and used adversely to the railroad for the statutory period.

3. LIMITATION OF ACTIONS. *Limitations may be set up by person entitled, and is not available by mere licensee of such person.*

   As a general rule, the statute of limitation is personal to the person entitled to plead it, and cannot be set up by a third person who has acquired no property interest in the property. It is not available by a mere license of a person who might claim thereunder, but has not done so.

APPEAL from chancery court of Hinds county.

HON. V. J. STRICKER, Chancellor.

Suit by the Alabama & Vicksburg Railway Company against A. Joseph and others. Decree for defendants, and complainant appeals. Reversed and rendered.

*R. H. & J. H. Thompson* and *Fulton Thompson,* for appellant.

The chancellor necessarily found and adjudged that the statute of limitations sought to be pleaded by the defend-

ants who erected the shed were unavailing as a defense, as of course they were. That the railway company had been in possession of its land, a part of its right of way, all the time following the condemnation judgment in January, 1903, cannot be disputed under the facts or the law of the case. See *Sprowle* v. *Alabama etc., Ry. Co.,* 78 Miss. 88; *Paxton* v. *Yazoo, etc., R. R. Co.,* 76 Miss. 536; *Wilmot* v. *Yazoo, etc., R. R. Co.,* 76 Miss 374, 24 So. 701, 24 So. 536.

Many authorities are to the effect that the statute of limitations will not deprive a railroad of the right to eject persons from its right of way under any circumstances. See *Southern Pacific Co.* v. *Hyatt,* 132 Col. 240, s. c. 54 L. R. A. 552; *Roberts* v. *Sioux City, etc., R. R. Co.,* 2 L. R. A. (N. S.) 272.

This court, however, does not go so far; but in the *Wilmot case, supra,* it has decided that the adverse possession that will defeat the recovery of the easement of a railroad company. in land constituting its right of way, on the expiration of the period of limitation, must have been distinctly manifested by acts hostile to and inconsistent with the possession of the company. The first and only hostile act by defendants Joseph and George was the erection of the shed in 1916, less than two years before the beginning of this suit. The defendants who erected the shed cannot invoke the statute of limitations were it available to another, unless they held the land under that other but in this case the city does not and never did claim adversely to the railway company and said defendants do not claim under the city; and besides the statute has never run against the company in favor of the defendants or anybody else.

For these reasons we ask a reversal of the decree appealed from and the rendition by this court of a final decree in appellant's favor awarding it all the relief prayed for in its bill of complaint.

*Burch & Enochs,* for appellee.

The period of acquiring an easement of land by a user corresponds to the statute of limitations conferring title by adverse possession, and in this state is ten years. (Citing *Bonelli Bros.* v. *Blakenmore,* 66 Miss. 136.)

We know of no stronger authority in support of the appellee's contention here than the case cited by the appellant, *Paxton* v. *Yazoo, etc.,* R. R. Co., 76 Miss. 535. In that case the court said: "One who obtains the actual adverse possession of a part of a railroad company's right of way, and who, claiming to own the same, excludes the company therefrom, and holds in hostility to the true owner for ten years, acquires title by virtue of such holding, under Code 1892, section 82734, making the statute of limitations invest title."

The appellant railroad company sits idly by for sixteen years and sees the city of Jackson spend thousands of dollars in the improving and paving of this public highway; for this length of time, it sees the general public daily using same, and not one word has it uttered to the contrary. If there is any such thing as acquiring land by prescription under the laws of this state for the use of the public, it does seem that the facts in this case not only comes within the protection of such law, but clearly demonstrate its necessity.

The appellant says that its sole purpose in having this court declare the title of this property in it is to relieve itself of a nuisance and to throw the arm of protection around the traveling public as it passes to and fro over its railroad. But the appellant is not bound by this assurance should this court declare the appellant the owner of this triangular strip of land. The appellant could, on the day following the rendering of this honorable court's opinion, block North Gallatin Street and drive the traveling public therefrom.

The attorney for the appellant lays great stress upon the fact that the city of Jackson was made a defendant to

this proceeding, but allowed the railroad company to take judgment by default.   The writers of the great common law seem to have anticipated that municipal governments would at times fall into the hands of indifferent officials, and so fixed the law that their indifference to the rights of citizens would not interfere with such citizens' rights to the use of the public highway, for this court said in the case of *Railroad Company* v. *Thomas,* 75 Miss. 54:

"Where a railroad company impliedly dedicates a part of its right of way in a city to the public as a street and permits the city to treat, and the public to use, the same as a street for more than thirty years, it is bound by the dedication and may be enjoined, from an unauthorized laying of tracks thereon, by an abutting property owner who would suffer special damages thereby."   So it will be seen that in that case an abutting property owner to a street was dealing with a railroad company with reference to the use of the streets of a Mississippi town, and this court held that he had a right to assert his claim with reference to the said street, in his own name, and not in the name of the city.

To sum up this case as a whole, the railroad company comes into this court without citing one single authority in support of its contention, and boldly asks this court to vest it with title to a portion of one of the streets of the city of Jackson, in the face of a record that shows clearly that the property it is asking for is just as much a legal street as any other street in this city.

We respectfully submit that under the facts of this case it should be affirmed on direct appeal and reversed and dismissed on cross appeal.

ETHRIDGE, J., delivered the opinion of the court.

The appellant brought suit against the appellees and the city of Jackson to cancel any claim or ownership in a certain strip of ground in the northeast angle of the intersection of Capitol street and Gallatin street in the city of

Jackson, the appellant having through condemnation proceedings condemned the strip of land for railroad purposes in the year 1903. The streets cross approximately at right angles, Gallatin street running east of north and west of south, and Capitol street running north of west and south of east, and the railroad track runs approximately southeast and northwest at this point. Shortly after the railroad condemned this strip of land the city of Jackson paved Capitol street and subsequently Gallatin street, and laid pavement over a portion of the land embraced in this angle, condemned as above stated, and the public has used the part so paved as a part of the street. The railroad company acquired this strip of land principally for the purpose of throwing vehicle traffic off of its tracks, it having three tracks within the intersection of these streets. It also acquired it for the purpose of keeping said space free from obstructions so that its engineers could better see persons and vehicles approaching the railroad track from either street.

Prior to the year 1916 there was· a frame building occupied as a market in the northeast angle of Gallatin and Capitol streets north of the strip of ground condemned by the railroad. In 1916 A. Joseph & Co., the appellees, constructed a brick building·up to the line of the said strip heretofore condemned, and laid a sidewalk on the part of ·the said strip next to the private property line, and erected a metal awning or shed some eight feet from the surface of the walk constructed, which awning is approximately flat. The proof shows that engineers approaching the crossing from the west cannot see vehicles approaching on Capitol street going northwest, and that engineers approaching from the east cannot see portions of North Gallatin street, formerly Clark street, approaching from the northeast.

· The city of Jackson made no defense to the suit, and a decree *pro confesso* was taken against the city. The other appellees, who were defendants, answered, denying the allegation that ·the railroad company was entitled to the

land embraced in this angle, setting up that the city of Jackson has acquired an easement for a street by adverse user over this lot of ground, and that the said defendants had permission from the city to erect the said awning over the said land. It is denied, further, that the awning obstructed the view of the engineers, and it was contended that the railroad kept a flagman at this crossing, and that the engineers would obey the flagman's signs, and that the awning in no wise interfered with the operation of the engines of the complainant.

The proof shows that about eight regular engines pass this crossing each twenty-four hours, and that numerous switching engines cross daily, the yards of the complainant being to the west of the crossing and its freight station to the east of said crossing. The chancellor decreed that five feet on each end of the awning obstructed the vision from the engines and constituted a nuisance, and ordered the awning abated to that extent. The decree recited:

"It appearing to the court from the evidence that the city of Jackson had acquired an easement by dedication and user in said property for a street and sidewalk, and that the rights of the city being coextensive with all that said easement confers as such upon the city, including the right to permit a shed over said sidewalk, which it appears said city did and does permit and of which it makes no complaint," etc.

It appears from this recital of the decree that the chancellor's view was that, inasmuch as the city had acquired an easement by user, it had power to permit the awning to be placed upon the said property. The law is that to acquire title to land by adverse possession the possession must not only continue for the statutory period, but it must be exclusive and under claim of right. The proof does not show that the railroad was excluded from this property at all by the city. The railroad was constantly in use of its tracks, and using the property for the purposes for which it was acquired, and the facts show that both the city and the railroad company were making such

use of the strip of ground in question as would not inter-
fere with the railroad's rights.     Under these circum-
stances the city merely acquired such rights as the use
vested in it.     That is to say, a mere right of passage over
the ground for persons and vehicles, and not the right to
obstruct or erect any building upon the ground.     It had
acquired no right to erect sheds over the ground, and, of
course it could confer none upon any other person.     In
*Paxton* v. *Y. & M. V. R. R. Co.,* 76 Miss. 536, 24 So. 536,
this court said:

"The railroad company does not lose its title to the right
of way by a mere nonuser, and the running of trains is a
constant assertion and occupancy of its right of way to its
full extent as granted, so as to preclude a loss of it except
by a strictly hostile possession of it for ten years."

In *Wilmot* v. *Y. & M. V. R. R. Co.,* 76 Miss. 374, 24 So.
701, this court said:

"The duties imposed by law upon a railroad company
of safely carrying persons and property and of protecting
employees and other persons lawfully upon the right of
way from dangers arising from any obstruction or hin-
drance of the servants of the company in the performance
of their duties, and the responsibility laid upon the com-
pany for the performance of such duties, require the right
and power in the officers of the company of excluding at
their pleasure all persons from the right of way.     The oc-
cupancy of the right of way by the railroad company is
practically exclusive, and the owner of the servient estate
could cultivate it only by the consent of the railroad com-
pany."

As a general rule a third person cannot assert title for
a defendant setting up the statute of limitations.     But to
make the statutes of limitations applying to the posses-
sion of another person available, a property right as dis-
tinguished from a mere license must exist.     In the present
case the city of Jackson made no defense, and asserted no
claim to the property in question, but as under the law of
this state the officers of the city are under duty to plead

the statutes of limitation where rights have accrued thereby to the municipality, the failure of the city to plead in this case will not foreclose that question in any future proceeding, because the proof shows that there was a constant user for passage of a portion of the strip of land involved as a street. And to this extent the judgment will save such rights as the city may have. But it is clear from the facts that the defendants Joseph and George have acquired no rights as against the railroad company, and the judgment of the chancellor will be reversed, and a judgment entered here for the complainant as prayed for against the defendants Joseph and George.

*Reversed, and decree here.*