TOWN OF FT. COBB v. ROBINSON et al.

No. 31274.   Feb. 8, 1944.

Rehearing Denied Feb. 29, 1944.

*143 P. 2d 122.*

Sam L. Wilhite, of Anadarko, for plaintiff in error.

Walter Morris, of Anadarko, for defendants in error.

PER CURIAM. On the 6th day of July, 1928, Oliver A. Wilson and his wife, Ora M. Wilson, conveyed to the town of Fort Cobb, for a consideration of $300, approximately two acres of land out of a quarter section of land to be used for the purpose of exploring for water. On the 12th day of August, 1937, plaintiffs acquired the quarter section subject to the easement by deed from Oliver A. Wilson and his wife, Ora M. Wilson. On the 18th day of May, 1942, the plaintiffs filed an action against the defendant, and in the first cause of action alleged that they are the owners of the quarter section involved and especially the two-acre tract of land, and that the defendant claimed some right, title, or interest in and to said property and that the same constitutes a cloud on the title of the plaintiffs, and sought to quiet title thereto.

In the second cause of action it is alleged that the plaintiffs have legal estate in fee in and to the said two acres, and that the plaintiffs have been damaged in the sum of $100 by the withholding of possession of said premises. By an amendment to the second cause of action plaintiffs asserted that the defendant had caused its agents to go upon said premises and build a fence around the two acres in question.

At the conclusion of the trial to the court without the intervention of a jury, the court denied the plaintiffs any relief in damages but ordered that the defendant should remove and tear down the fence surrounding the said two acres. The defendant has appealed and complains in the allegation of error, first, that plaintiffs failed to prove the claim of title as required in an action in ejectment; and, second, defendant alleges that the court erred in ordering the removal of the fence.

The action was not one in ejectment. The action was one to enjoin the improper use of an easement. It is plain that the court so treated it and in effect entered a mandatory injunction to remove the fence erected about the two acres by the defendant. The plaintiffs acquired the premises in question under their deed from Oliver A. Wilson and his wife subject to the easement granted to the defendant on July 6, 1928. Plaintiffs had a right to maintain an action to enjoin or otherwise seek damages for the alleged misuser. Brooks v. Wheeler, 243 N. Y. 28, 152 N. E. 454, 47 A.L.R. 552, and note following, and Griffin v. Dwyer, 181 Okla. 71, 72 P. 2d 349.

The conveyance of an easement gives to the grantee all such rights as are incident or necessary to the reasonable and proper enjoyment of the easement. 9 R.C.L. p. 784, Easements, § 43; Kesterson v. California-Oregon Power Co. (Ore.) 221 P. 826; Western Union Telegraph Co. v. Polhemus, 178 Fed. 904, 29 L.R.A. (N.S.) 465; Anderson v. Southern California Edison Co., 77 Cal. A. 328, 246 P. 559; Quigley v. Baker, 169 Mass. 303, 47 N. E. 1007; and Patterson v. Chambers Power Co., 81 Ore. 328, 159 P. 568.

Where the easement requires for its enjoyment a use of the land, permanent in its nature and practically exclusive, the right conveyed is inconsistent with the concurrent occupancy by a grantor or his assigns. Illinois Central Ry. Co. v. Houghton, 126 Ill. 233, 18 N. E. 301, 1 L.R.A. 213, 9 Am. St. Rep. 581.

The grant to the defendant of July 6th contains in the pertinent portions the following:

"It is understood and agreed by and between the parties hereto that this conveyance is only for the water rights in and under said above tract of land and second party has the right only to place improvements on said tract necessary to and for the purpose of drilling wells for water and taking care of the pumping of the same; that no residence or other building shall be built thereon by second party.

662

"It is further agreed by the parties hereto that in case said second party abandons said tract of land for the purposes herein set out, the said tract of land shall revert back to and be the property of said first parties free and clear of the provisions of this easement.

"It is further agreed that the fee title to the above tract of land shall be and remain in first parties subject only to the above provisions of this easement."

In pursuance of said grant the defendant immediately went upon the premises and proceeded to drill four wells. It erected four structures to contain the machinery to pump the wells. In addition it constructed a tower approximately 35 feet in height. Since the drilling of the wells and the placing of equipment thereon in pursuance of the grant, the defendant has at all times used the premises for the production and distribution of its water system. When the operation of the farm of the plaintiffs became such that their stock began to molest the wells and the equipment of the defendant, it caused the two acres granted in the above deed to be fenced. It is a well-known fact that sanitary regulations make necessary the proper care of the source of a town's water supply. If evidence showed that it was necessary to protect the water supply by the erection of a fence, we hold that the exercise of this discretion was a proper use reasonably incident to the easement.

The fact that the premises had never been fenced before 1940 would not be determinative of the right to fence. In Quigley v. Baker, supra, the court stated that if the language of the grant in question, viewed in the light of all of the conditions existing when it was executed, clearly gave the defendant a right in excess of the one actually used, such right would still exist notwithstanding the exercise, for a time, of a lesser privilege.

After a careful review of all of the record, we are convinced that the trial court erred when it directed the removal of the fence around the premises granted to the defendant.

The cause is reversed and remanded, with directions to take such proceedings as are consistent with the views herein expressed.

CORN, C.J., GIBSON, V.C.J., and RILEY, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. OSBORN and ARNOLD, JJ., absent.