COMMISSIONERS OF THE LAND OFFICE — — AUTHORITY TO GRANT PERMANENT EASEMENT The Commissioners of the Land Office may grant a permanent easement upon the NE/4 of Section 36, Township 11 North, Range 4 West of the Indian Meridian, Oklahoma County, Oklahoma, to the Board of Trustees of the South Oklahoma City Junior College for the erection, operation and maintenance of facilities of the South Oklahoma City Junior College. Said easement may not be exclusive but the grantee would be given all rights as are incident or necessary to the reasonable and proper enjoyment of the easement granted. The Attorney General has considered your letter of March 1, 1971. wherein you request an opinion upon the following question: "May the Commissioners of the Land Office lawfully grant a permanent easement upon the NE/4 of Section 36, Township 11 North, Range 4 West of the Indian Meridian, Oklahoma County, Oklahoma, to the Board of Trustees of the South Oklahoma City Junior College, granting to said Board the exclusive use of said land for the erection, operation and maintenance of facilities by the South Oklahoma City Junior College?" The land in question was granted to the State of Oklahoma by the United States of America by the Oklahoma Enabling Act, Act of Congress, June 16, 1906, 34 U.S. St. at large, Pages 267-278 O.S. 1961 Page 32, Section 7 of the Enabling Act provides in part as follows: "That upon the admission of the State into the Union, sections numbered sixteen and thirty-six, in every township in Oklahoma Territory . . . are hereby granted to the State for the use and benefit of the common schools,. . ." This grant was accepted by the State of Oklahoma by the provisions of Article XI, Section 1, of the Constitution of Oklahoma which provides in part as follows: "The State hereby accepts all grants of land and donations of money made by the United States under the provisions of the Enabling Act, and any other Act of Congress, for the uses and purposes and upon the conditions, and under the limitations for which the same are granted or donated;" The Commissioners of the Land Office were designated to have charge of the school lands and other public lands of the State by the provisions of Article VI, Section 32, of the Oklahoma Constitution and 64 O.S. 1 [64-1] (1961), both of which provide as follows: "The Governor, Secretary of State, State Auditor, Superintendent of Public Instruction, President of the Board of Agriculture, shall constitute the Commissioners of the Land Office, who shall have charge of the sale, rental, disposal, and managing of the school lands and other public lands of the State, and of the funds and proceeds derived therefrom, under rules and regulations prescribed by the Legislature." A search of the Statutes of the State of Oklahoma reveals no rules or regulations prescribed by the Legislature either granting or denying authority to Commissioners of the Land Office to grant easements upon, over or across school lands. The Commissioners of the Land Office were granted the fee simple title to the land in question by the United States of America. The authority vested in the Commissioners of the Land Office by Article VI, Section 32 of the Constitution of Oklahoma and 64 O.S. 1 [64-1] (1961), to sell and dispose of school lands also grants authority to the Commissioners to convey lesser interests in the property held by the Commissioners. The ownership of the fee simple title carries with it the right to convey the fee simple title or any lesser interest. This principle is supported by the following cases: Franklin, et al. v. Morgay Oil Corp., et al., 194 Okl. 519, 153 P.2d 486; Heffelflinger, et al., v. Scott, et al., 47 P.2d 66 (Kan. 1935). On November 22, 1966, the Commissioners of the Land Office adopted certain rules and regulations relating to school land wherein they assumed the right to grant easements. These rules and regulations in part provide as follows: "4-208. B. The State shall reserve the right to sell the premises leased or any part thereof, or any lesser interest, right, easement, commercial lease, or other interest therein at any time." These rules and regulations were duly filed in the offices of the Secretary of State, the Speaker of the House of Representatives and the President Pro Tempore of the State Senate. None of them have been disapproved by the Legislature, and therefore, it must be presumed that the same were approved by the Legislature. The above cited constitutional and statutory provisions together with the rules and regulations of the Commission authorize the Commissioners of the Land Office to grant easements. It therefore follows that the Commissioners of the Land Office may grant to the Board of Trustees of the South Oklahoma City Junior College a permanent easement upon the land involved in your question. In addition to the proposition as to whether the Commissioners of the Land Office may grant a permanent easement, your question involves the right of the Commissioners to grant an easement for the "exclusive use of said land" by the South Oklahoma City Junior College. The conveyance of an easement gives to the grantee certain rights. In Town of Fort Cobb v. Robinson, et al., 193 Okl. 660, 143 P.2d 122, the Supreme Court of Oklahoma held: "The conveyance of an easement gives to the grantee all such rights as are incident or necessary to the reasonable and proper enjoyment of the easement granted. Where the easement requires for its enjoyment a use of land permanent in its nature and practically exclusive, the right conveyed is inconsistent with the current occupancy of the grantor or his assigns." It is clear from the language of the Court that an easement may be `practically exclusive' and that the grantee may be granted all the rights that are incident or necessary to the reasonable and proper enjoyment of the easement granted. This reasoning would apply to the question here involved. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The Commissioners of the Land Office may grant a permanent easement upon the NE/4 of Section 36, Township 11 North, Range 4 West of the Indian Meridian, Oklahoma County, Oklahoma, to the Board of Trustees of the South Oklahoma City Junior College for the erection, operation and maintenance of facilities by the South Oklahoma City Junior College. It is further the opinion of the Attorney General that said easement may not be exclusive but the grantee would be given all rights as are incident or necessary to the reasonable and proper enjoyment of the easement granted. (Marvin C. Emerson)