## IRA JAMES

*v.*

## THE INDIANAPOLIS AND ST. LOUIS RAILROAD COMPANY.

1. LIMITATION—*twenty years—title, how claimed.* Where a railroad company has been in the actual, visible and exclusive possession of land for a right of way for twenty years, it is not essential to the bar of the Statute of

Limitations, in ejectment against the company, that its officers should have made oral declarations of claim of title, but it will be sufficient if the proof shows that the company has so acted with reference to the property as to clearly indicate that it claimed title.

2. SAME—*and herein, as to extent of possession.* The continued occupation of land by a railway company for a right of way for its road for over twenty years, with acts of ownership during that period, will constitute a bar to a recovery by the former owner. But where such possession is not taken and held under color of title, it will extend only to the portion actually occupied, and not apply to any portion of such right of way as may have been occupied within twenty years by the original owner.

3. SAME—*promise to pay for land does not stop the running of the statute.* The promise of officers of a railway company to pay for land occupied and used by the company for a right of way, within the period of limitation, is not an admission of title in the promisee, so as to prevent the running of the limitation of twenty years.

4. AGENCY—*when authority must appear.* The promises of officers of a railway company to pay for land occupied by the company can not be received in evidence to bind or affect the company, without proof of their authority to make them.

APPEAL from the Circuit Court of Coles county; the Hon. C. B. SMITH, Judge, presiding.

Ira James brought an action of ejectment against the Indianapolis and St. Louis Railroad Company for the possession of "all the land occupied by the defendant for a right of way across the north half of the west half of the north-west quarter of section 22, township 12, range 7 east of the third principal meridian, being fifty feet on either side of the center of said railroad track, across said described land," claiming title thereto in fee.

The railroad company pleaded, first, not guilty; and secondly, that the supposed cause of action did not accrue to the plaintiff at any time within twenty years next before the commencement of the suit.

By agreement of parties a jury was waived, and the cause was tried by the court, who rendered judgment in favor of the defendant. The record is brought here by the appeal of the plaintiff.

It was agreed, upon the trial, that "The Illinois Central Railroad Company acquired the title to the land described in the plaintiff's declaration from the government of the United States, in the year 1852, and that the defendant was, at the time of the bringing of this suit, and is now, in the possession of the land described in the plaintiff's declaration.".

The plaintiff then, having first made preliminary proof of the loss of the original, introduced the record of a deed from the Illinois Central Railroad Company to himself, for the west half of the north-west quarter, and the north half of the south-east quarter of section 22, in township 12 north, of range 7 east of the third principal meridian—reserving, however, the right of way for the Illinois Central railroad—and stipulating therein that "the grantee shall settle the question of the right of way for the Terre Haute and Alton Railroad Company over said land, with the last named company, and hold the Illinois Central Railroad Company harmless against any and all damages the said grantee may claim by reason thereof." This deed bears date May 28, 1869.

The defendant then proved by the evidence of several witnesses that the railroad track of the Indianapolis and St. Louis railroad was laid over the above described tract of land in 1853, and that the railroad has been operated there ever since.

The plaintiff, in rebuttal, then testified that he obtained possession of the land described in the deed, about eighteen years before, under a contract of purchase from the Illinois Central Railroad Company, pursuant to which the deed, a copy whereof was given in evidence, was made; that he erected on the land in controversy an ice-house and house, about eighteen years before, and occupied said · buildings until they were burned down about fifteen years before; that he had had frequent talk with the officers of said railroad company, and they had promised to pay for the land, and that said talks extended over a period from the time the plaintiff purchased up to the time of the commencement of the suit. He further testified

that said railroad company never claimed title to said land, in any of the talks he had with its officers, and that he had paid the taxes on the land in controversy from the time he contracted for the same until the time of trial. And this was all the evidence.

Messrs. CRAIG & CRAIG, for the appellant.

Messrs. WILEY & NEAL, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The evidence sufficiently shows that the possession of the railroad company is actual, visible and exclusive. It is not essential there should be proof that officers of the defendant made oral declaration of claim of title, but it is sufficient that the proof shows that the defendant has acted so as to clearly indicate that it did claim title. No mere words could more satisfactorily assert that the defendant claimed title, than its continued exercise of acts of ownership over the property for a period of more than twenty years does. Using and controlling property as owner is the ordinary mode of asserting claim of title—and, indeed, is the only proof of which a claim of title to a very large proportion of property is susceptible.

The possession by the plaintiff of the portion of the property occupied by the ice house and other building, within twenty years, it may be conceded, removes the bar of the Statute of Limitations as to that portion of the property. But this did not dispossess the defendant of its track, or of any other portion of the property which it was actually using. It relies not upon claim or color of title, drawing a constructive possession, but adverse possession alone, and this applies only to the portion actually occupied. *Turney* v. *Chamberlaine*, 15 Ill. 273.

The promises of the officers of the defendant to pay for the land can not be regarded as an admission of title in the plaintiff, for two reasons: 1st. It does not appear that they were offi-

cers having authority to bind the defendant by their promises. 2d. A promise to pay for land, although evidence of a debt, is not inconsistent with a title in the promisor to the land,— as, for instance, where title has been conveyed before payment is made of the purchase money.

We see no cause to disturb the judgment. It is, therefore, affirmed.

*Judgment affirmed.*