J. O. CARTER, W. O. SMITH, S. M. DAMON, W. F.
ALLEN AND A. W. CARTER, TRUSTEES UNDER
THE WILL OF B. P. BISHOP, DECEASED, *v.*
LULIA (w).

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MARCH 21, 1905.           DECIDED APRIL 10, 1905.

FREAR, C.J., WILDER, J., AND CIRCUIT JUDGE LINDSAY IN
PLACE OF HARTWELL, J.

ADVERSE POSSESSION—*evidence.*

Declarations of defendant while in possession of land as to her
claim thereto, particularly when made in consequence of ejecting
certain persons therefrom, are admissible.

Evidence that defendant had paid no taxes on the land in dis-
pute held admissible under the circumstances of this case.

PRACTICE.

Plaintiff has the right to open and close. Revised Laws, Sec-
tion 1768.

OPINION OF THE COURT BY WILDER, J.

This is an action of ejectment. Plaintiffs' paper title was
admitted and the defense was adverse possession. The jury
returned a verdict for plaintiffs, and the case comes to this
court on defendant's exceptions.

The main exceptions relate to the admissibility of certain
declarations made by the defendant to one David Baker. It
appears that this David Baker leased to certain Chinese a piece
of land near, and perhaps including a part of, the land in dis-

pute.   The Chinese lessees attempted to cultivate a portion of the land in dispute and were driven off by defendant, in consequence of which Baker went to defendant and asked her why she had put his Chinese tenants off the place.   She replied that the property was hers and that David Baker had no right to it. Defendant contends that these declarations were admissible. Plaintiffs contend that they are admissible only if made as part of the res gestae, and also that, even if admissible, they were only cumulative because three other claims of ownership made by defendant while in possession were admitted in evidence.   There appears to be no reason why these declarations of defendant to Baker should not have been admitted.   Statements by defendant made in connection with her possession and tending to show the character of her possession are admissible.

In *Knight v. Knight,* 178 Ill. 553, 556, it was said: "The court permitted appellees to put in evidence declarations of their ancestor while he was in the possession and control of the property after the execution and delivery of the deed to appellant, such declarations being, in effect, bare assertions of a present claim of ownership of the premises.   There seems to be unanimity in authorities that such declarations are admissible when accompanying an act of possession which is provable.   The declarations in such instances are regarded as part of the act, or a 'verbal act' indicating present purpose or motive.   Whether, to be regarded as admissible in evidence, the declaration must be shown, in such cases as this, to be contemporaneous with some distinct and particular act of possession has been questioned by respectable authorities.   The fact here involved is possession of the premises for the prescribed period of time under claim of title.   Actual possession for that period is in the nature of a continuous act, and the better view is, that particular acts of dominion over the property, and the declarations of the possessor while in possession as to his claim to the property, though not accompanying an act of possession, are of the res gestae of the fact involved, and hence equally admis-

sible evidence. In *Duffy v. Presbyterian Congregation,* 48 Pa. St. 51, it was well said 'the declaration of a person in possession of land (as to his claim of title) are always received as explanatory of the title he is claiming; they are part of the res gestae of his possession.' In *Recard v. Williams,* 7 Wheat. 59, speaking upon the same point, it was said: 'From the very nature of the case, therefore, it must depend upon the collateral circumstances what is the quality and extent of the interest claimed by the party (in possession), . . . and the declaration of the party while in possession, equally with his acts, must be good evidence for the purpose.' The rule was fully stated by the Supreme Court of the State of Wisconsin in *Austin v. Allen,* 6 Wis. 134, and reiterated by the same court in *Rocke v. Andrews,* 26 Wis. 311. The same rule obtains in the courts of California. *(Stockton Savings Bank v. Staples,* 98 Cal. 189.) The principle upon which the admissibility of such evidence rests is stated in 1 Greenleaf on Evidence, Secs. 108, 109. See, also, *Amick v. Young,* 69 Ill 542. That such oral declarations are admissible is clearly recognized in *James v. Indianapolis and St. Louis Railroad Co.,* 91 Ill. 554; *Shaw v. Schoonover,* 130 id. 448; *Grim v. Murphy,* 110 id. 271; *Illinois Central Railroad Co. v. Houghton,* 126 id. 233 and *Shaw v. Smithies,* 167 id. 269."

The fact involved in the case at bar is the possession of the land in dispute for the prescribed period of time under claim of title. And declarations of the possessor while in possession as to her claim to the land, particularly when called forth by reason of ejecting certain persons from the land, are admissible.

For the error in excluding these declarations a new trial should be had.

The other points will be disposed of in order that they may not be raised again on the new trial.

The contention that defendant had the right to open and close the case, because she admitted plaintiffs' paper title and had the burden of proof, is disposed of by section 1768 of the Revised Laws.

The following question was asked of James L. Holt, Deputy Tax Assessor of Honolulu: "State the result of your findings as to when, if ever, the defendant in this case, Lulia, made return and paid taxes on land in Puunui, L. C. A. 1280 and 5579B. to Kaaha." Defendant Lulia had already testified, in answer to juror's question and without objection from her counsel, that she had paid taxes on the land in dispute since 1898. Plaintiffs asked her on cross examination if it was not a fact that she had made no return and paid no taxes on the land until the year 1901, to which she replied that she had paid taxes on it previously. Defendant claims that although she might have shown a return and payment of taxes, yet, as she had not done so, the plaintiffs could not show her failure to return and pay taxes. She did testify, however, in answer to a juror, and without objection from her counsel, that she had paid taxes since 1898. Counsel cannot sit by and let jurors question his witness and then take the benefit of the answer if favorable and not the consequences if unfavorable. We are of the opinion that no error was committed by the trial court in allowing this question to be answered.

There is no merit in defendant's contention that certain of the court's instructions were ambiguous.

For the reasons above given the exceptions are sustained, the verdict set aside and a new trial ordered.

*Holmes & Stanley* for plaintiffs.

*Castle & Withington* for defendant.