(June 2, 1922.)

## STATE, Respondent, v. JERRY BECKER, Jr., and HARRISON BECKER, Appellants.

[207 Pac. 429.]

CRIMINAL LAW—HERDING SHEEP ON CATTLE RANGE—EVIDENCE.

    1. Mere ownership of an undivided interest in a band of sheep does not tend to prove a wilful intent to herd and graze them upon a prior cattle range in violation of the provisions of C. S., sec. 8333.

    2. An essential element of the crime of herding sheep on a prior cattle range, in violation of C. S., sec. 8333, is the intent to commit the act as well as the commission thereof.

    3. On examination of the evidence in the case at bar, it is held that there is no evidence of wilful intent to herd sheep upon a prior cattle range.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. F. J. Cowen, Judge.

Defendants convicted of grazing and herding sheep on cattle range. *Judgment reversed and new trial ordered.*

L. E. Glennon, for Appellants.

The evidence must establish beyond a reasonable doubt that the defendants acted wilfully, and even though the evidence might conclusively establish all of the other elements of the offense, if there is no showing of criminal intent, then the evidence is insufficient to support the verdict and the judgment. (C. S., sec. 6314; *State v. Omaechevviaria,* 27 Ida. 797, 152 Pac. 180.)

Roy L. Black, Attorney General, and James L. Boone, Assistant, for Respondent.

It is necessary to save an exception to an order of the court overruling a demurrer to the information, and overruling a motion to quash the information. (C. S., sec. 9008; *State v. Crawford,* 32 Ida. 165, 179 Pac. 511.)

It is necessary on appeal to particularize in the specification of error wherein the evidence is insufficient to support the judgment or the verdict. (C. S., sec. 9013; Rule 42, Rules Supreme Court; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *Hole v. Van Duzer,* 11 Ida. 79, 81 Pac. 109; *Later v. Haywood,* 14 Ida. 45, 93 Pac. 374; *Humphrey v. Whitney,* 17 Ida. 14, 103 Pac. 389; *Newport Water Co. v. Kellogg,* 31 Ida. 574, 174 Pac. 602.)

RICE, C. J.—Appellants were convicted of wilfully and unlawfully grazing and herding sheep upon a prior cattle range in violation of the provisions of C. S., sec. 8333.

The action of the trial court in overruling their demurrer and motion to quash cannot be reviewed because of their failure to save exceptions thereto. (*State v. Crawford,* 32 Ida. 165, 179 Pac. 511; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175.)

The remaining specifications of error are that the verdict and judgment are contrary to law, in that the evidence is insufficient to sustain either the verdict or the judgment.

In *State v. Maguire, supra,* it was pointed out that the general specification that the evidence is insufficient is not a compliance with the requirements of C. S., sec. 9068, which provides that "if a reporter's transcript of the evidence appears in the record, the ground that the verdict is contrary to the evidence may be considered and determined to the same extent as on an appeal from an order denying a new trial, Providing, A specification of the particulars in which the evidence is insufficient to sustain the verdict is made in appellants' brief filed with the supreme court." In the body of appellants' brief, however, the argument upon this point is based upon the contention that "there is absolutely no evidence in this case even tending to show that the defendants either acted wilfully or negligently." The transcript has been examined to ascertain whether there was any evidence tending to show wilfulness or negligence. If any such evidence had been found, we would not have inquired as to its legal sufficiency. In the

case of *State v. Omaechevviaria*, 27 Ida. 797, 152 Pac. 280, in construing section 8333, *supra*, it was held that "The intention to commit the act, as well as the commission of the act, are necessary and essential ingredients of the crime; and if both are established by competent evidence, under proper instructions, such as from our examination were given in this case, in our opinion the verdict of the jury should not be disturbed." In that case it is stated that among the facts necessary to be established by competent evidence is the following: " . . . . and that the defendant knew, or had information from which a reasonable man under like circumstances would have known, that he was herding, grazing or pasturing sheep upon a cattle range previously occupied by cattle in the usual and customary use of such range, and that sheep had not been herded, grazed or pastured upon said range prior to said time in the usual and customary use of said range."

Appellant Jerry Becker was shown to be the owner of an undivided interest in the sheep in question. Aside from this fact he was not shown to have been connected in any way with the misdemeanor charged. He cared for the ranch belonging to appellants, while the other appellant, Harrison Becker, managed and cared for the sheep. No attempt was made to show that Jerry Becker conspired with his brother to herd or graze the sheep on the range in question, or any other cattle range, or that he had anything to do with the care of the sheep or any knowledge or notice that they were upon a cattle range. Mere ownership of an undivided interest in a band of sheep does not tend to prove a wilful intent to herd and graze them upon a prior cattle range.

With respect to appellant Harrison Becker, it was shown that he was in charge of the sheep; that in the fall of the year 1918, he was engaged in moving them from Gibbonsville to Buhl, where they were to be wintered; that while passing through the country he came to the range described in the complaint; that there his brother, Jack Becker, was taken sick with the Spanish influenza; that he took him to

Salmon City, leaving word with those in charge of the sheep to stay where they were until he returned; that he expected to return the next day; that on reaching Salmon City he himself became seriously ill, and was unable to return to the sheep for several days. It was shown that during his absence, his herder and camp-tender were informed that the sheep were upon a cattle range and requested to move them off, which they refused to do.

The record of the cross-examination of appellant Harrison Becker contains the following:

"Q. You knew you had no right to graze your sheep and herd them on a cattle range?

"A. I didn't know it was a cattle range.

"Q. I didn't ask you that. You knew you had no right to graze your sheep and herd them on a cattle range?

"A. Yes, sir.

"Q. And you so instructed your herder not to graze them on a cattle range?

"A. Yes, sir. . . . .

"Q. If your herder was advised by any person that he was herding your sheep on a cattle range, and he continued to herd them he was doing so contrary to your orders?

"A. Yes sir."

This testimony stands uncontradicted. No attempt was made to show that Harrison Becker had knowledge or notice that his sheep were upon a cattle range when he directed his employees to hold them there until he returned.

The judgment is reversed as to both appellants and a new trial ordered.

Budge, McCarthy, Dunn and Lee, JJ., concur.