(No. 5623. May 6, 1931.)

STATE, Respondent, v. CHRIS CARLSON, Appellant.

[298 Pac. 936.]

E. H. Casterlin and J. H. Andersen, for Appellant.

Fred J. Babcock, Attorney General, and Z. Reed Millar, Assistant Attorney General, for Respondent.

LEE, C. J.—Defendant and appellant, Chris Carlson, was convicted of trespass upon a cattle range in violation of the provisions of C. S., sec. 8333, and duly appealed, assigning insufficiency of the evidence and numerous errors.

The evidence substantially conflicting in its nature was sufficient to sustain the verdict. Of the errors assigned, three merit consideration. Appellant contended that the range in question was, at the time of his alleged trespass, a joint sheep and cattle range and that he believed that he had full right to enter thereon. At the trial, he offered to prove that in the year 1927 and on another occasion he had been told by an employee of the Pahsimaroi Cattle Association that the association was not interested in keeping local sheepmen off the disputed area, but that their action was directed against transient sheepmen and those

belonging to nonresidents of the Pahsimaroi valley; that, if he would keep his sheep "up out of sight," there would be no objection to his running them on the watershed of Burnt Creek, which included the locality aforesaid. His offer was refused. While such evidence might have been incompetent to prove that the range was customarily used for both sheep and cattle, it was directly admissible as bearing upon appellant's intent. In *State v. Omaechevviaria,* 27 Ida. 797, 806, 152 Pac. 280, it was said: "There must be an intent to violate said Sec. 6872, *supra,* as well as the act of driving or herding sheep upon a cattle range, or the failure upon the part of the defendant by the exercise of ordinary diligence to ascertain whether or not the range upon which he drives, herds or grazes his sheep is a cattle range within the meaning of said section." This holding was reiterated in *State v. Becker,* 35 Ida. 568, 570, 207 Pac. 429. We think the court erred in not thus permitting appellant to introduce evidence tending to show his good faith.

 Complaint is made that the court refused to give appellant's requested instructions Nos. 3 and 8. The first instruction was as follows:

"You are instructed that if you find from the evidence that the range in question was pastured and grazed by both sheep and cattle in the usual and customary manner from about 1905 to about 1915 without protest by the cattle growers and such grazing of said range by sheep was known to growers of cattle, or if it was sufficiently open and notorious that cattle growers using such range in the customary manner could have discovered such use of such range by sheep, then such range is a joint cattle and sheep range and may be lawfully used for grazing both sheep and cattle, and protest by cattle men or cattle growers after such range has become a joint cattle and sheep range does not affect the right of sheep men or sheep growers to the use of such range."

Inasmuch as abandonment was a good defense, appellant had a right to demand that the jury's attention be called to any particular period during which he deemed

the evidence had established an abandonment; and we think the adverse ruling was erroneous.

The latter instruction recited:

"In the consideration of the question whether the cattle men had knowledge of the grazing and herding of sheep on the range in question, you are instructed that knowledge in a legal sense is of two kinds—that is to say, actual knowledge and constructive knowledge. Actual knowledge is that which is obtained from sight, hearing, touch, smell or taste, while constructive knowledge is that knowledge imputed to the person charged therewith by reason of his opportunity to discover such knowledge by reason of his customary and usual duties and operations. In other words, constructive knowledge is that knowledge which reasonable diligence would have disclosed, and if the cattle men could have discovered the grazing and herding of sheep on the range in question by reasonable diligence, then they had knowledge within the meaning of the law, that sheep were being herded and grazed on said range, if they were being herded and grazed thereon."

In view of the fact that divers of appellant's witnesses, including himself, had testified positively to having seen at numerous times through a long series of years different bands of sheep grazing over the range, some of which they were running themselves and in view of the further fact that none of the state's witnesses testified that such sheep were not actually present, but that in their operations on the range they had not seen them, the instruction would seem to have been peculiarly appropriate. We think it should have been given: there was no other instruction covering imputed or constructive knowledge upon the part of the cattlemen.

For the reasons given, the judgment is reversed and the cause remanded for a new trial.

Budge, Givens, Varian and McNaughton, JJ., concur.