(No. 30339.
WILLIAM T. DUNNETT *et al.,* Appellees, *vs.* LLEWELYN G. HUGHES *et al.*—(KATHERINA ANTES, Appellant.)

*Opinion filed January 22, 1948.*

Harold L. Reeve, William M. Rice, and Robert W. Marriott, Jr., all of Chicago, for appellant.

Anderson & Roche, (Stephen F. Roche, and Charles D. Snewind, of counsel,) all of Chicago, for appellees.

Mr. Justice Thompson delivered the opinion of the court.

This is an appeal by Katherina Antes who will be hereinafter referred to as the defendant, from a decree of the circuit court of Cook County in favor of William T. Dunnett and Elizabeth Dunnett, ordering registration of their title to certain property in the city of Chicago under the Torrens Act. In addition to ordering registration, the decree ordered that the defendant remove a part of a certain concrete service walk and a wooden fence along the west side of her property which allegedly encroached on the property to be registered.

An application to register title to certain real estate was filed by William T. and Elizabeth Dunnett which charged that the defendant illegally possessed and occupied the east 17 inches of the premises sought to be registered, from front to rear. The defendant filed her answer deny-

ing that she illegally possessed or occupied the 17-inch strip. A hearing was had before the examiner of titles and he reported, recommending registration as requested by the applicants. Objections were filed to his report which were overruled by the court and a decree for registration was entered by the court. A freehold being involved, the appeal is perfected to this court.

The facts are not in dispute and from the record it appears that in 1922 Edward Nelson acquired title to a tract of real estate in Chicago fronting on Hirsch Street, described as lots 3 and 4 in block 1 of Channing M. Coleman's addition to Austin, each lot being approximately 50 feet in width and 125 feet in depth. During the year 1922, Nelson constructed three two-story apartment buildings on this 100-foot tract, each building fronting on Hirsch Street. As a part of his general plan of improvement, Nelson constructed concrete service walks from the front or public sidewalk along the west side of each of the three buildings to the rear entrance of each of the three buildings. He also constructed fences in line with the west line of each service walk from the rear of each building to the alley at the rear of the lots. On March 18, 1925, Nelson sold the west portion of the 100-foot tract to Christ Larson, and by mesne conveyances said property is now owned by the Dunnetts.

On or about November 1, 1922, Edward Nelson sold the middle portion of the 100-foot tract to Peter L. Kosa, from whom the defendant, Antes, acquired title in 1942. Subsequently, Nelson sold the remaining portion of the 100-foot tract to persons not concerned in this proceeding. After purchasing the middle portion of the 100-foot tract, Kosa went into possession of the property November 1, 1922, and continued in possession thereof by himself and his tenants until November 15, 1942, at which time he sold the property to defendant, Antes, who has occupied and used the premises continuously since that time. Dur-

ing all this period of time, the service walk to the west of the apartment building owned by Kosa was used daily by him and his tenants and has also been used by the defendant, Antes, since she acquired the property, for ingress and egress to the rear entrance of the building. The Dunnetts purchased the property to the west of the defendant's property in September, 1938, and shortly thereafter, a survey was made of their premises which disclosed that the side, or service walk and fence to the west of defendant's building extended over the Dunnetts' east property line as contained in their deed of conveyance to the extent of a width of 11⅝ inches near the front line of the lot, and to a width of 17 inches near the rear line of the lot. In 1939 and subsequently, the plaintiffs talked with Kosa about the alleged encroachment and informed him that he should move the sidewalk and fence, or should buy the land upon which the same were situated. He refused to take any action in the matter and no settlement of the matter was ever made with Kosa. On April 7, 1941, Dunnetts brought an ejectment suit against Kosa in the superior court of Cook County, but that suit was dismissed by stipulation of the parties. Prior to the survey there had never been any question raised by anyone concerning the location or use of the service walk or fence. The testimony indicates that both of the parties to this proceeding and Kosa were of the opinion that the service walk and the fence were entirely upon the Antes property.

The examiner found and the court decreed that the defendant had no rights in and to that part of the Dunnetts' property occupied by the service walk and fence. The court also held that the present location of the service walk and fence constituted an encroachment upon the Dunnetts' property to the extent of a width of 11⅝ inches from a point 15 feet 8¼ inches south of the front line of the lot to a width of 17 inches at the alley line of said lot, and the court ordered that the defendant remove forthwith the

fence and that portion of the sidewalk which encroached and that she pay a fee of $75 to the registrar of titles.

The defendant contends that the court erred in holding that the sidewalk and the fence constituted encroachments upon the property of the plaintiffs; that the court erred in ordering her to remove the same, and that error was committed in ordering her to pay the sum of $75 to the registrar of titles. She asserts that she has an easement by implication over the Dunnett property occupied by her service walk and fence, and she also contends that she and her predecessors in title have acquired a prescriptive right to the use of the plaintiff's property for the walk and for the fence by reason of having used the same for more than twenty years. She further contends that inasmuch as the plaintiffs asked only that their title be registered, it was error for the court to order her to remove the fence and the walk, since that relief was not asked for, and for the further reason that she had not placed the said encroachment on the property of the plaintiffs, and therefore, if the same should be removed, it should be removed by the plaintiffs at the plaintiffs' expense.

The Dunnetts contend that an easement claimed over the property of another must be so highly convenient to the property owned by the person claiming the same that the closing of the way would be a detriment and injury to the party claiming the easement, and that in this case the easement claimed is not so highly convenient as to constitute a detriment and injury to the defendant if the same were closed. They also contend that neither the property occupied by the sidewalk nor the fence were adversely held by appellant or her predecessors in title under a claim of right so as to establish an easement by prescription.

From the evidence, it appears that Edward Nelson, who developed this 100-foot tract and who is predecessor in title of both parties to this proceeding, erected the buildings thereon together with the sidewalk and the fence in

question in this proceeding prior to the time that he divided the tract and sold off the properties. At the time that Kosa purchased the appellant's property from Nelson, the sidewalk and the fence were in existence. It is apparent from this record that it was the intention of both Nelson and Kosa that Kosa should acquire an apartment building complete with sidewalks and fence. Evidently no survey was made at the time because the original deed of conveyance did not include sufficient property so that all of the improvements which were intended to be sold were actually on the property which was conveyed by the deed. It appears from the evidence that Kosa went into possession of the property and occupied it continuously from about November 1, 1922. It appears that he thought that he owned sufficient land so that his walk and his fence were both on his property. The use of the service walk to the west of the apartment building and the property up to the fence and the fence itself continuously since the date Kosa went into possession is not disputed. There is evidence that he kept the same in repair and there is no evidence here indicating that Kosa's use of the walk and of the property enclosed by the fence was in any way permissive. Certainly his actions after he was informed of the discrepancy in the property lines indicate that he did not regard his use as a permissive use.

This case is very similar to the case of *Cassidy* v. *Lenahan*, 294 Ill. 503, in which case two adjoining lots in a residential area of the city of Chicago, were each occupied by the respective owners of the same, each thinking that all of the improvements which he owned or used were upon his own property. However, a survey revealed that certain improvements on one of the lots extended over onto the other lot. In that case, we held that oral declarations or other actions by parties in possession of improvements which encroached upon another lot were not necessary in order for them to establish title to the land, upon

which the encroachments were situated, by adverse possession, citing *James* v. *Indianapolis and St. Louis Railroad Co.* 91 Ill. 554; *Illinois Central Railroad Co.* v. *Houghton,* 126 Ill. 233; *Faloon* v. *Simshauser,* 130 Ill. 649; *Shedd* v. *Alexander,* 270 Ill. 117. In *Cassidy* v. *Lenahan,* we stated, at pages 506 and 507: "The fact that there was a mistake as to the boundary line between lots 8 and 9 and the owners of lot 9 took possession of the portion of lot 8 believing it to be on lot 9, and that they had no intention of taking any part of lot 8, did not affect the operation of the statute. (*Daily* v. *Boudreau,* 231 Ill. 228; *Grim* v. *Murphy,* 110 Ill. 271.) * * * There was no evidence that the possession was permissive during the period when the Statute of Limitations was running, and it could not have been permissive when neither party knew that there was any encroachment upon lot 8."

In the case at bar, the examiner has indicated that he regarded the possession as being permissive and, therefore, the appellant had acquired no rights by reason of adverse possession, but in *Cassidy* v. *Lenahan,* a similar contention was made and we held that possession could not be permissive when neither party knew that there was any encroachment.

In the case at bar, it is undisputed that the sidewalk and fence have been in existence since November 1, 1922. The sidewalk has been used continuously and the property enclosed by the fence and upon which the fence has been situated has likewise been used and possessed by the owner of the defendant's property continuously since November 1, 1922, until this suit was filed in December, 1942, or for more than twenty years. There is no evidence to indicate that the use of this property was permissive at any time. Ordinarily, the findings of the chancellor will not be set aside unless clearly contrary to the manifest weight of the evidence, but when there is no conflict in the testimony and where the same was not taken before the chancellor,

that rule does not prevail. *Oliver* v. *Ross,* 289 Ill. 624; *Stasch* v. *Stasch,* 355 Ill. 581.

In the view we take, it is unnecessary for us to consider any of the other alleged errors, since we believe the portion of the decree of the circuit court appealed from should be reversed and the cause remanded, with directions to render a decree in favor of the defendant as to that portion of the premises sought to be registered which is occupied by the service walk and by the fence.

*Reversed and remanded, with directions.*