389 P.2d 221

Piercie TRUNNELL and Cecil M. Trunnell, husband and wife, and Gerald Trunnell and Doris Trunnell, husband and wife, Plaintiffs-Respondents,

v.

Glen WARD, Defendant-Appellant.

Glen WARD, Ben Ward, Administrator of the Estate of Fred E. Ward, deceased, and Iva Ward, the widow of the deceased, Fred E. Ward, Cross-Complainants, Appellants,

v.

Piercie TRUNNELL and Cecil M. Trunnell, husband and wife, and Gerald Trunnell and Doris Trunnell, husband and wife, Cross-Defendants, Respondents.

No. 9284.

Supreme Court of Idaho.

Feb. 3, 1964.

Brauner & Fuller, Caldwell, for appellants and cross-complainants.

S. Ben Dunlap and Herbert W. Rettig, Caldwell, for respondents and cross-defendants.

557

McQUADE, Justice.

Plaintiffs-respondents Piercie Trunnell and Cecil M. Trunnell own the Northeast quarter of the Southwest quarter of Section eight, Township four North, Range five, West of the Boise Meridian, Canyon County, of which land respondents Gerald Trunnell and his wife Doris Trunnell are the tenants in possession. Defendants-appellants Fred Ward and Iva Ward are the owners of the adjoining Northwest quarter of the Southwest quarter of Section eight, Township four North, Range five, West of the Boise Meridian, Canyon County. Appellant Glen Ward is the tenant in possession of this Ward property.

Both of the properties are traversed by a large irrigation ditch, the Plowhead Lateral, which flows generally from east to west. Most of appellants' property is located on the north side of this lateral, however, there is approximately 6.53 acres located

south thereof. For many years, appellants have used a private road located on respondents' property in order to reach this 6.53 acres. In their cross complaint, appellants alleged that this private road provides the only means of access for farm machinery and equipment to the 6.53 acre tract. They further alleged that they have continuously, openly, uninterruptedly, actually and visibly used this private road for approximately eleven years.

The road was built in 1929. Apparently, it was originally constructed for the purpose of hauling hay back and forth to sheep which were corralled and fed on respondents' property south of the Plowhead Lateral. The land over which the road crossed was unimproved. Respondents alleged that any use that the appellants may have made of this road neither harmed respondents nor in any way interfered with use of their property.

Near the boundary of the two properties and south of the Plowhead Lateral, there existed a fence. It is not clear when the fence was erected, however, it appears that it had been in existence from 1948 (when appellants' predecessor purchased the property) until it was removed by the respondents in 1961. In their cross complaint, appellants alleged that the fence was originally constructed as a boundary between the two properties. They con-

tended that they had used the property up to the fence line continuously, openly, uninterruptedly, actually and visibly for approximately eleven years. They further alleged that their predecessor in interest had informed them that the fence was the boundary between the two properties.

At one time respondents owned the entire eighty acres involved in this cause. Their property was devoted partly to farming and partly to the corralling of sheep. Respondents stated that the so-called boundary fence was in actuality part of a sheep corral which they had maintained south of the Plowhead Lateral. They further stated that an area had been left between the corral fence and the property line sheep in the corrals.

In 1960, the boundary dispute arose. Respondents had a survey made which indicated that a very small part of the property claimed by the appellants was within the respondents' property description. Subsequently, respondents removed the fence south of the Plowhead Lateral and erected another fence somewhat further to the west in conformance with the line of the survey.

In 1959, respondent Gerald Trunnell informed the appellants that he was going to remove the road across his property in order to cultivate that portion of his land. The road was destroyed in 1960,

and in 1961 the area was planted and corrugated. Shortly thereafter appellant Glen Ward crossed respondents' property in order to gain access to his 6.53 acre tract. Respondents alleged that this action resulted in considerable damage to their newly cultivated land.

Respondents brought this action seeking damages for trespass and to enjoin appellants from further crossing the respondents' property. Appellants filed an answer and cross claim asserting an easement across respondents' property and adverse possession to that portion of farmland south of the Plowhead Lateral, between the boundary line and the old fence which respondents removed. Appellants also claimed damages in that they were unable to have ingress and egress for farm machinery to the 6.53 acre tract of land. Trial was had and respondents were awarded $300 damages and costs. Appellants were permanently enjoined from entering or crossing upon the lands of the respondents. This appeal is from the judgment and the findings of fact and conclusions of law entered in this cause.

Appellants assign error to the failure of the trial court to find that: 1. A prescriptive easement was established across respondents' property by use thereof from 1950 to 1957; 2. An easement by implication was established across respondents' property by severance of the forty acres, part of which (the 6.53 acre tract) could only be reached by a right of way across the land retained by respondents; 3. Title by adverse possession was established to the strip of land south of the Plowhead Lateral, between the boundary line and the old fence.

To establish a prescriptive right for a roadway it is essential that the use of the way must constitute some actual invasion or infringement of the right of the owner. Simmons v. Perkins, 63 Idaho 136, 118 P.2d 740 (1941). It is appellants' contention, however, that proof of an open, notorious, continued and uninterrupted use for the prescriptive period, without explanation of how it began raises a presumption that it was an adverse use and under a claim of right. Appellants point to evidence which shows that the roadway has been used by them uninterruptedly and continuously for a period longer than is required by I.C. § 5–203. See Sinnett v. Werelus, 83 Idaho 514, 365 P.2d 952 (1961). They argue that this court must presume that such use of the roadway was hostile and constituted an actual invasion of the rights of the respondents.

Appellants have correctly stated the general rule fixing the presumption of adverse use. See: Sinnett v. Werelus, supra, Northwestern & Pacific Hypotheekbank v. Hobson, 59 Idaho 119, 80 P.2d

793 (1938), Eagle Rock Corp. v. Idamont Hotel Co., 59 Idaho 413, 85 P.2d 242 (1938). As we recently pointed out in Cox v. Cox, 84 Idaho 513, 373 P.2d 929 (1962), however, the general rule is only applicable to improved lands. In the instant case, the record shows that the land over which prescription is claimed was unimproved until 1961. When one claims an easement by prescription over wild or unenclosed lands of another, mere use of the way for the required time is not generally sufficient to give rise to a presumption that the use is adverse. Cox v. Cox, supra.

■ Furthermore, the trial court found that any use that the appellants made of the roadway was permissive and acquiesced in by the respondents. Substantial and competent evidence exists to support this finding and it will not be disturbed on appeal. Cox v. Cox, supra, Sinnett v. Werelus, supra, Simmons v. Perkins, supra.

` ■■ In order to establish an easement by implication in favor of the dominant estate, three essential elements must be made to appear: 1. Unity of title and subsequent separation by grant of the dominant estate; 2. Apparent continuous use; 3. The easement must be reasonably necessary to the proper enjoyment of the dominant estate. Davis v. Gowen, 83 Idaho 204, 360 P.2d 403, 88 A.L.R.2d 1192 (1961). Two of the essential elements appear to be present here. The trial court found, however, that the easement was not reasonably necessary to the proper enjoyment of the appellants' estate as there were other means of ingress and egress to and from the 6.53 acres. There is conflict on this point, but substantial and competent evidence exists to the effect that appellants possessed two other means of access to this property.

Appellants rely strongly upon Eisenbarth v. Delp, 70 Idaho 266, 215 P.2d 812 (1950). In that case this court held that where the owner of an estate consisting of several parts so adapts them during his ownership that one derives benefit from the other, and thereafter transfers one of the parts with all appurtenances without mention of the incidental burdens of one in respect to the other, an implied easement is created in the grantee of such estate of the use theretofore exercised by the grantor. Appellants have failed to prove, however, that the road was designed to benefit the 6.53 acres. The evidence clearly establishes that the road was built to provide access to the sheep corrals located in the southwestern section of respondents' property. As was stated in Davis v. Gowen, supra:

"The creation of easements by implication rests upon exceptions to the

rule that written instruments speak for themselves, and because implied easements are in derogation of such rule, they are not favored by the courts. The general rule is that the burden of proof rests upon the person asserting it to show the existence of facts necessary to create by implication an easement appurtenant to his estate. * * *"

Relative to the question of adverse possession of the disputed parcel of land, the evidence shows that the old fence was originally constructed and maintained only for the purpose of serving as a corral for the sheep which were kept on respondents' land. A fence is not converted into a boundary merely because it exists for the statutory period or longer. Larson v. Lindsay, 80 Idaho 242, 327 P.2d 775 (1958). Furthermore, the trial court found that the appellants were not in actual, exclusive, open notorious, hostile, visible and adverse possession of the property in dispute. This finding is supported by substantial, competent evidence and will not be disturbed on appeal.

The judgment of the trial court is affirmed.

Costs to respondents.

KNUDSON, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.