563 P.2d 50

**Lewis M. WEBSTER et al.,
Plaintiffs-Appellants,**

v.

**Sterling MAGLEBY et al.,
Defendants-Respondents.**

No. 12193.

Supreme Court of Idaho.

April 20, 1977.

Larry M. Boyle, Hansen & Boyle, Idaho Falls, for plaintiffs-appellants.

Blair John Grover, Lee, Ririe & Grover, Rigby, for defendants-respondents.

SHEPARD, Justice.

This is an appeal from a judgment in favor of defendants Magleby and against plaintiffs Webster in a suit wherein plaintiffs claim an easement over and across defendants' land and sought an injunction to prevent defendants from interfering with the use of said easement. The trial court found against the plaintiffs and in favor of defendants on the issue of the easement and granted an injunction in favor of the defendants and preventing plaintiffs use of the claimed easement. We affirm.

The controversy involves two families who own adjoining property. Prior to 1947, the Magleby family (parents of defendants Sterling and Erma Magleby) owned all the land in question which is located near Henry's Lake in Fremont County, Idaho. In that year they conveyed a portion of the land to the plaintiff Lola Webster and her husband Kenneth (now deceased).

Since that time in 1947 the Websters have continuously used their land for pasturing cattle. Their property is divided into two pasture portions by a sizable swamp which allegedly prevents them from moving their cattle from one portion to the other. A county road is adjacent to each of the pieces of the Websters' property and their cattle can be moved from one portion to another by utilizing the road. Use of that county road involves a cattle drive of between two and four miles and the Websters alleged that herding their cattle along that road is difficult. It is also indicated that the swamp dividing the Websters' property is not totally impassable and at times cattle have been driven from one pasture to another through the swamp.

The Websters assert an easement for driving their cattle across approximately ¼ mile of the Maglebys' land which eliminates the need to traverse the swamp and eliminates the need to use the county road with its increase in travel distance and the alleged attendant dangers connected therewith.

Plaintiffs Webster since 1947 have thus preferred to use the shorter travel distance across defendants' land and have so driven their cattle at least twice every year. In 1973 the Maglebys for the first time protested the Websters' driving their cattle across the Magleby land. In 1974 the Maglebys locked the gate giving access to their land after which the Websters forced it open and drove their cattle through as before. Thereafter the Websters filed this action and as noted, the district court held against the plaintiffs and enjoined any further usage of the Magleby property.

Websters assert two theories on appeal. First, they argue that a prescriptive easement was established as a matter of law. A prescriptive easement must be established by open notorious use of the servient property with the actual or imputed knowledge thereof by the owner of the servient tenement. The use must be continuous for a prescriptive period of five years and must be done under a claim of right. *West v. Smith*, 95 Idaho 550, 511 P.2d 1326 (1973). Although there is some argument as to the use being continuous for five years and whether the use was open and notorious, the principal dispute here concerns the last element, that of claim of right.

A use begun under permission or license can be changed into one exercised as a claim of right (i. e., hostile and adverse) only after unequivocal conduct giving the owner of the servient tenement notice of the hostility and adverseness of such claim. Thompson, On Real Property (1961) § 345, p. 253. *See, Sinnett v. Werelus*, 83 Idaho 514, 365 P.2d 952 (1961); *Gameson v. Remer*, 96 Idaho 789, 537 P.2d 631 (1975).

■ The evidence on behalf of the defendants Magleby was that in 1947, prior to the first crossing, Kenneth Webster approached them with a request "we would like to move our cattle across Bootjack." The defendants testified that in response thereto they granted permission for crossing of their land. Thereafter and until his death in 1964, the defendants testified that Kenneth Webster usually let them know when he and the other plaintiffs herein would be moving cattle across the Magleby land and would seek permission for doing so. After the death of Kenneth Webster in 1964, the cattle continued to be driven across by the remaining members of the Webster family in the same manner as before although the Websters never specifically requested permission. The trial court found that those facts were not sufficient to unequivocally notify the Maglebys as owners of the alleged servient tenement that the plaintiffs Webster were not crossing the Magleby property under the grant of the previous permission, but were asserting a right based on hostility and adverse to the Magleby's ownership of their property. Such finding is supported by competent although conflicting evidence, and will not be disturbed upon appeal.

■ Appellants Webster also argued that the testimony by the Maglebys as to the conversation with Kenneth Webster prior to his death was inadmissible. Appellants assert it is violative of the Deadman's Statute (I.C. § 9–202). That statute applies only to claims against the estate of a deceased person. Appellants also assert such testimony was violative of the hearsay rule. We disagree. It was not offered for the truth of what was said but was only offered to prove the making of the statement. McCormick, Evidence (2d ed. 1972) §§ 246, 249; Bell, Handbook of Evidence for the Idaho Lawyer (2d ed. 1972) p. 128; *State v. Carlson*, 50 Idaho 634, 298 P. 936 (1931). Even if hearsay the statement falls within the declaration against interest exception to the hearsay rule. *Bell, supra*, 147.

■ Appellants Webster also argue for the establishment of an easement by implication. *See, Close v. Resnick*, 95 Idaho 72, 501 P.2d 1383 (1972); *Trunnell v. Ward*, 86 Idaho 555, 389 P.2d 221 (1964). The trial court concluded that the Websters' usage of the short-cut through the Magleby property was not reasonably necessary for the adequate enjoyment of the Websters' land. The trial court found that although travelling from one portion of the Websters property to the other by using the county road is a distance from two to four miles greater than the route across the Magleby property and that herding along the county road is said to be more difficult, it also found that the Websters had failed to show any past or future injury of significance from driving the cattle along and upon the county road. The trial court concluded therefore the use of the short-cut across the Magleby property was not reasonably necessary for the adequate enjoyment and use of the Webster land. The evidence, albeit conflicting, supports the findings and conclusions of the trial court and they are therefore affirmed. *Trunnell v. Ward, supra; Close v. Resnick, supra*. The judgment of the trial court is in all respects affirmed. Costs to respondents.

McFADDEN, C. J., DONALDSON and BAKES, JJ., and SCOGGIN, D. J. (Ret.) concur.