944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LOOMIS & McGREW, an Idaho Partnership, and William H. McGrew
and Helen Brandt McGrew, husband and wife,
Plaintiffs-Appellees,
v.
RICHWELL RESOURCES, LIMITED, a British Columbia, Canada
corporation, an Idaho corporation whose character has
expired; James H. Hawley, Jr., individually and as a
Trustee for Blackstone Mining Company, Limited, James H.
Hawley, III, and Silver Chief Mining Co., Inc., an Idaho
corporation, Defendants-Appellants.
 No. 90-35903.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1991.*
Decided Sept. 16, 1991.
 
 Before EUGENE A. WRIGHT, FARRIS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The McGrews, owners of land patented under the Stock Raising Homestead Act (SRHA), 43 U.S.C. § 299 (1988), brought this action for trespass against owners of the patented mining claims on the McGrews' land. The district court found Richwell Resources and the other defendants[1] jointly and severally liable for trespass damages. The court also granted an easement by prescription to the McGrews for the fences that cross Richwell's mining claim. Richwell appeals the district court's award of damages and grant of an easement.
 
 
 3
 This appeal presents four issues: (i) whether Dana Barclay, a Richwell employee, acted within the scope of his employment when he caused a trespass on the McGrews' land; (ii) whether the McGrews are entitled to an easement; (iii) whether damages were properly calculated; and (iv) whether joint and several liability is appropriate.
 
 
 4
 * The court found that Barclay was Richwell's employee. Supporting this finding was a business card Barclay gave to John McGrew, identifying Barclay as Richwell's director of operations. In addition, Richwell's April 1987 Vancouver Stock Exchange filing listed Barclay as an employee with an option to purchase 23,333 shares of Richwell stock. The court properly applied the law based upon these facts.
 
 
 5
 Barclay's trespass occurred within the scope of his employment because he was working under Richwell's direction and performing the type of work for which he was hired. Dias v. Sky Chefs, Inc., 919 F.2d 1370, 1375 (9th Cir.1990); 53 Am.Jur.2d Master and Servant § 427 (1970).
 
 II
 
 6
 The McGrews met all the legal requirements for a prescriptive easement. See Webster v. Magleby, 98 Idaho 326, 563 P.2d 50, 51 (1977).
 
 
 7
 An easement may be established in many objects, including a fence. Dunnett v. Hughes, 399 Ill. 120, 77 N.E.2d 36, 38 (1948). An easement may also be burdensome. Gibbens v. Weisshaupt, 98 Idaho 633, 570 P.2d 870, 877 (1977).
 
 
 8
 The district court's award of an easement on condition that the McGrews build and maintain gates to provide access to the mining claim was not clear error.
 
 III
 
 9
 Although required to do so by the SRHA, Richwell never obtained the Bureau of Land Management's approval of its bond prior to beginning work on its claim. Richwell's unapproved state bonds do not satisfy federal requirements.
 
 
 10
 Richwell also asserts that it should not have to pay $10,000 out-of-pocket to reclaim the McGrews' land when it already posted $6700 in bonds for that purpose. The damage award and the state bonds serve different purposes. The court need not consider the state bonds in calculating the damage award. The evidence supported the $10,000 damage award.
 
 IV
 
 11
 The measure of damages for trespass is the reasonable rental value of the property. Hammond v. County of Madera, 859 F.2d 797, 804 (9th Cir.1988); Boggs v. Seawell, 35 Idaho 132, 205 P. 262 (1922). The property here was rented for $11,050. Judge Callister determined that the rental amount was reasonable and the correct measure of damages because Richwell's unauthorized fence cuts rendered the pasture unsuitable for grazing. This was not clear error.
 
 V
 
 12
 Richwell argues that James Hawley, Jr., James Hawley, III and Blackstone should not be jointly and severally liable for damages.
 
 
 13
 It was not clear error for the district court to hold Blackstone, James Hawley, Jr. and James Hawley, III jointly and severally liable. The record supports the finding that those parties were inextricably intertwined in the activity on the McGrews' property.
 
 VI
 
 14
 Neither party is entitled to attorney's fees. Idaho Code § 12-121 (1990).
 
 
 15
 AFFIRMED. Costs are awarded to the appellees.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The three corporate defendants, Richwell, Blackstone and Silver Chief will be referred to collectively as "Richwell."